IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY LYNN STRONKO,** | : | **CIVIL NO. 1:14-CV-0156** |
| **Plaintiff** | : | |
| v. | : | (Judge Rambo) |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of Social Security,** | : | (Magistrate Judge Blewitt) |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is a report of the magistrate judge (Doc. 10) to whom this matter was referred in which he recommends that the final decision of the Commissioner denying Plaintiff's Title II applications for benefits be vacated and the case remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner filed objections to the report and recommendation (Doc. 11) to which Plaintiff has filed a response (Doc. 12). The matter is ripe for disposition.

The parties dispute whether the Administrative Law Judge ("ALJ") properly concluded that Plaintiff Stronko has the capacity to lift and carry 20 pounds during a typical eight hour work day, five days per week, as opposed to the evaluation by Dr. Minaben Patel, M.D., that Stronko could lift and carry 10 pounds. It appears that the ALJ makes her conclusion, in part, on lab tests performed by Dr. Patel that showed no rheumatoid arthritis (Tr. 22) and, in part, on Stronko's ability to

perform various activities of daily living.  Without any further reasoning, the ALJ does not provide any discussion or evidence that supports her finding.

The finding of the ALJ that Dr. Patel's report did not reveal any deficits in Plaintiff's strength ignores other findings by Dr. Patel.  Dr. Patel reported that Stronko suffered from hypothyroidism, mitral valve prolapse, hyperlipidemia, and mild osteoarthritis in her right hand; the presence of grade two to grade three spondylosis, and narrowing at L-4.  (Tr. 219-20.)  His opinion that Stronko had full range of motion in her shoulders, elbows, wrists, hips, cervical and lumbar spine, ankles, hands and digits, sensation, and muscle strength within normal limits, is not adequate to support the ALJ's assessment that Stronko could lift twenty pounds.  This finding is unsupported by substantial evidence.

The court agrees with the magistrate judge and Plaintiff that the ALJ improperly substituted her own expertise for that of a qualified physician when she discounted a portion of Dr. Patel's opinion based on her own interpretation of the results of lab studies.  The report and recommendation of the magistrate judge will be adopted.  An appropriate order will be issued.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated:  November 5, 2014.